[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1998
BARBARA ARNOLD and TERRA TURNER,

Plaintiffs, Appellants,

v.

FERNANDO J. MONTILLA and PAVIA HOSPITAL, 

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Bownes, Senior Circuit Judge,
Lynch and Lipez, Circuit Judges.

Edward E. Parson on brief for appellants.
Angel R. De Corral and De Corral & De Mier on brief for
appellee Fernando J. Montilla; Ramonita Dieppa-Gonzlez, Pinto-Lugo
& Rivera, Jose R. Ortiz-Velez, and Latimer, Biaggi, Rachid &
Godreau on brief for appellee Pavia Hospital.

March 30, 1999

Per Curiam. In this medical malpractice action under
Puerto Rican law the district court entered summary judgment for
defendants on cross motions for summary judgment. The district
court found that the claim was barred by Puerto Rico's short one-
year statute of limitations for such actions. This court reviews
the grant of summary judgment de novo, viewing all facts in the
light most favorable to the appellant. See Lennon v. Rubin, 166
F.3d 6, 8 (1st Cir. 1999); McMahon v. Digital Equip. Corp., 162
F.3d 28, 32 (1st Cir. 1998).
Barbara Arnold underwent a hysterectomy on September 27,
1994. The surgery was performed by Dr. Fernando Montilla at Pavia
Hospital in Puerto Rico. Both Montilla and Pavia Hospital are
defendants in this case. In the aftermath of the hysterectomy,
Arnold suffered continuing discomfort, vomiting, stomach
distension, and nausea. She alleges that she suffered an
intestinal obstruction as a result of the surgery. On October 5,
1994, she underwent emergency surgery to remove this intestinal
obstruction. This second surgery was performed in St. Thomas,
V.I., by Dr. Lawrence Rawlings. 
In support of her claim that her action is not time-
barred, Arnold argues that Dr. Montilla made statements to her in
the post-operative period, and beyond, that the hysterectomy
surgery was successful, that her pain was normal, and that she only
had an upset stomach. Arnold also points out that the hysterectomy
consent form listed intestinal obstruction as a possible
complication of the hysterectomy. Arnold says that because of the
consent form she thought that intestinal obstruction was a normal
complication and thus she was lulled into thinking there had been
no negligence. She claims that she first discovered in early
January 1995 that the intestinal obstruction resulted from Dr.
Montilla's negligence during the surgery and that Dr. Montilla and
the Hospital were negligent in providing post-operative care when
they failed to diagnose the obstruction. She attributes her
inaction between October 1994 and January 1995 to the general pain
and discomfort that she suffered in the aftermath of the two
surgeries.
Arnold filed her complaint in federal court on January 5,
1996. Defendants filed a motion for summary judgment; Arnold
opposed and filed her own summary judgment motions against the two
defendants. She appeals from the grant of the defendants' motion,
arguing that whether the running of the statute of limitations was
tolled by Dr. Montilla's statements or by the consent form were
issues for a jury to consider. She also says the district court
ignored the tolling statute, 31 L.P.R.A. 5298.
Arnold's appellate arguments do not fairly characterize
or address the actual basis for the district court's order granting
summary judgment. The district court relied on excerpts from the
deposition testimony of Arnold and Dr. Rawlings. Dr. Rawlings
testified about both the intestinal surgery that he performed and
his communications with Arnold around the time of the surgery. 
Arnold testified in her deposition that Dr. Rawlings told her after
her October 5 surgery that her intestinal blockage "was caused by
a--some kind of a problem that happened with the surgery I just
recently had," and that Dr. Rawlings "said the prior surgery that
I had was the cause of--was the cause of the blockage." Dr.
Rawlings in turn confirmed that his only communications with Arnold
were around the time of and immediately after her October 5, 1994
surgery. 
We agree with the district court that no reasonable fact-
finder could find this action timely. Regardless of Dr. Montilla's
assurances, and any tolling effect which flowed from them, within
days of the initial surgery Arnold clearly had sufficient facts to
put her on "notice of [her] injury, plus notice of the person who
caused it." Rodriguez-Suris v. Montesinos, 123 F. 3d 10, 13 (1st
Cir. 1997) (quoting Colon Prieto v. Geigel, 115 P.R. Dec. 232, 15
P.R. Offic. Trans. 313, 330 (1984)); see also Villarini-Garcia v.
Hospital Del Maestro, Inc., 8 F. 3d 81, 85 (1st Cir. 1993)(noting
that Puerto Rico law regarding discovery of an injury "focuses on
whether the plaintiff knew the facts that gave rise to the claim,
not their full legal implications"). It was no longer reasonable
for her to rely on Dr. Montilla's assurances. Since she did not
bring suit within one year from the period of the intestinal
surgery that Dr. Rawlings performed, which, on her version of the
facts, was the latest period on which she had the requisite notice,
her action was not timely.
Because the district court granted summary judgment on
statute of limitations grounds against Arnold, the court quite
properly did not reach Arnold's cross-motions for summary judgment. 
Affirmed. Costs to appellants.